**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JACQUELINE E. RIVAS DE JESUS,
as Personal Representative of the
Estate of JASON O. GARCIA RIVERA,
for and on behalf of the Estate and
Survivors thereof,

       Plaintiff,

vs.                                           Case No. 3:21-cv-334-MMH-PDB

BRIDGESTONE AMERICAS, INC., and
BRIDGESTONE AMERICAS TIRE
OPERATIONS, LLC,

       Defendants.
_____/

**O R D E R**

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1)

jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997). For a court to have diversity jurisdiction under 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412.

On March 25, 2021, Plaintiff Jacqueline E. Rivas de Jesus, as the Personal Representative of the Estate of Jason O. Garcia Rivera, deceased, filed a Complaint and Demand for Jury Trial (Doc. 1; Complaint), apparently seeking to assert that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because "[t]his is an action for damages in excess of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs."[1] See Complaint ¶ 1. However, to the extent that Plaintiff seeks to invoke the Court's diversity jurisdiction, upon review of the Complaint the Court is unable to determine whether it has subject matter jurisdiction over this action because Plaintiff has not adequately plead the citizenship of two of the parties to this action.[2]

---

[1] Although it is not entirely clear from the face of the Complaint what statutory grant of subject matter jurisdiction Plaintiff seeks to invoke, in the section of the Complaint labelled "Jurisdiction and Venue," Plaintiff appears to attempt to allege jurisdictional facts related to diversity jurisdiction. See Complaint at 1–5.

[2] The failure to adequately allege diversity jurisdiction in this case is certainly not unique. See Wilkins v. Stapleton, No. 6:17-cv-1342-Orl-37GJK, 2017 WL 11219132, at *1 (M.D. Fla. Aug. 1, 2017) ("Diversity jurisdiction appears to create the biggest pleading challenge for the Bar."). But, as aptly stated in Wilkins, the all-to-common "failure to demonstrate even a passing familiarity with the jurisdictional requirements of the federal courts results in a waste of judicial resources that cannot continue." Id. Indeed,

First, Plaintiff inadequately pleads her own citizenship for purposes of diversity jurisdiction. In this regard, Plaintiff Jacqueline E. Rivas de Jesus filed this lawsuit as the personal representative of the estate of Jason O. Garcia Rivas. See Complaint at 1. She alleges in the Complaint that "Plaintiff, Jacqueline E. Rivas de Jesus, was and is a citizen of St. Cloud, Osceola County, Florida." Id. ¶ 2. However, when an individual acts in a representative capacity for one who is deceased, that individual is deemed to be a citizen of the state of which the deceased was a citizen at the time of death. Palmer v. Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1562 n.1 (11th Cir. 1994); 28 U.S.C. § 1332(c)(2). Thus, "[w]here an estate is a party, the citizenship that counts for diversity purposes is that of the decedent, and [he] is deemed to be a citizen of the state in which [he] was domiciled at the time of [his] death." King v. Cessna Aircraft Co., 505 F.3d 1160, 1170 (11th Cir. 2007).[3]

---

> [t]he U.S. District Court for the Middle District of Florida is one of the busiest district courts in the country and its limited resources are precious. Time spent screening cases for jurisdictional defects, issuing orders directing repair of deficiencies, then rescreening the amended filings and responses to show cause orders is time that could and should be devoted to the substantive work of the Court.

Id. at *1 n.4. As such, before filing any future pleadings in federal court, counsel is strongly encouraged to review the applicable authority on federal subject matter jurisdiction. See id. at *1-2 (bulleting several "hints" on how to allege federal diversity jurisdiction properly).

[3] To no avail, the Court reviewed the Letters of Administration attached as Exhibit "A" to the Complaint in the hope that the decedent's state of citizenship might be identified there. Not only does the Letters of Administration purport to identify only the residence rather than the citizenship of the "Deceased," it appears to contain a scrivener's error as it states that "Jacqueline E. Rivas de Jesus, a resident of Osceola County, Florida, died on April 28, 2020 . .

-3-

Additionally, Plaintiff inadequately alleges the citizenship of Defendant Bridgestone Americas Tire Operations, LLC, (BATO). See Complaint at 1. In the Complaint, Plaintiff asserts that BATO "is a limited liability company organized and existing under the laws of the state of Delaware, with its principal place of business in Nashville, Tennessee." See Complaint ¶ 6. However, the Eleventh Circuit has held that "a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). Thus, Plaintiff's allegations concerning BATO's state of formation and the location of its principal place of business fail to apprise the Court of BATO's citizenship. See Complaint ¶ 6. Likewise, Plaintiff's failure to affirmatively list the citizenship of all of BATO's members prevents the Court from determining whether it truly has subject matter jurisdiction over this action. Rolling Greens MHP, L.P., 374 F.3d at 1022 ("To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenship of all the members of the limited liability company.").

Because the Complaint does not include allegations as to the citizenship of Jason O. Garcia Rivera at the time of his death, and fails to present allegations sufficient to establish that the parties are diverse from each other,

---

. ." See Complaint at 25. As such, the Court cannot determine the citizenship of the decedent on the current record.

-4-

the Court finds that Plaintiff has not alleged the facts necessary to establish the Court's jurisdiction over this case.  <u>Univ. of S. Ala.</u>, 168 F.3d at 412.

In light of the foregoing, the Court will give Plaintiff an opportunity to establish diversity of citizenship between the parties and that this Court has subject matter jurisdiction over the action.  Accordingly, it is

**ORDERED**:

Plaintiff shall have up to and including **April 14, 2021**, to provide the Court with sufficient information so that it can determine whether it has subject matter jurisdiction over this action.

**DONE AND ORDERED** in Jacksonville, Florida, on March 29, 2021.

MARCIA MORALES HOWARD
United States District Judge

lc27
Copies to:

Counsel of Record
Pro Se Parties